IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIAN BOLDEN, | ) |
| | ) CIVIL ACTION CASE NO. |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CITY OF DUNWOODY | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT

Plaintiff Brian Bolden, ("Bolden" or "Plaintiff"), hereby files this Complaint against the CITY OF DUNWOODY ("Defendant" or "DUNWOODY") alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et* seq.("Title VII").

## INTRODUCTION

This is an action brought under Title VII to correct unlawful employment practices of gender discrimination (hostile work environment based on sex) and retaliation for bring objections to the City of Dunwoody based on systemic unlawful harassment based on sex known or should have

1

been known occurring in the Dunwoody Police Department in order to vindicate Plaintiff's rights, and to make Bolden whole. Over a period of years several police officers made complaints to Defendant under its harassment reporting policy regarding the on-going harassment of and protection of senior officer, Fidel Espinoza by the Chief of Police, Billy Grogan. Complaining police officers were disciplined severely for alleged minor policy violations up to and including termination while senior officers found in violation of normal termination offences were allowed to resign, a frequent practice, maintaining police certification.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(4), 42 U.S.C. §2000e-5. Injunctive and declaratory relief and damages are sought pursuant to 42 U.S.C. §2000e-5(f)(g).

2.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant Dunwoody, a municipal entity, conducts business in this district and division and the unlawful actions and practices alleged

herein were committed within the Northern District of Georgia.

## PARTIES

3.

Plaintiff is presently a citizen of the State of Georgia and resident of Cobb County, Georgia. Plaintiff submits himself to the jurisdiction of this Court.

4.

Defendant Dunwoody is a public entity and employer subject to the statutory authority of Title VII. This Complaint may be served in a manner pursuant to the Georgia Rules of Civil Procedure upon the Mayor of Dunwoody or the City Manager or their authorized designated representative.

## ADMINISTRATIVE PROCEDINGS

5.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (Agency Charge Number 410-

2022-09536) within 180 days of the occurrence of or the continuation of acts of which he complains. (Exhibit A).

6.

Plaintiff received a Notice of Right to Sue issued by the Department of Justice dated March 14, 2024, relating to his charge of discrimination. This civil action is instituted in the appropriate federal district court within ninety days of the receipt of said Notice. (Exhibit B).

7.

Bolden filed a prior Charge of Discrimination (Agency Charge No. 410-2020-06109 on or about August 19, 2020) in which he claims he was being harassed and his belief he was being targeted for termination.

There is a pending request for a Notice of Rights on that Charge, but which has not been issued at the time of this filing. The filing of the pending Charge, in part evidences his present claim of having been unlawfully retaliated against. An amendment to this action is anticipated to incorporate that Charge as referenced herein.

## STATEMENT OF FACTS

8.

Bolden was employed in the Police Department by the Defendant as a Transport Officer on or about June 5, 2012.

9.

Bolden performed his duties in a satisfactory manner upon which it was reasonable to believe that his employment was secure.

10.

Bolden brought complaints to the Defendant, as did other officers, about the conduct of superior officer, Fidel Espinoza, who engaged in using his position to request quid pro quo sexual acts and other sexual favors in exchange for providing favorable employment conditions.

11.

Bolden was known by the Defendant to be associated with other police officers who had reported the conduct of Espinoza to Chief Grogan and other members of the leadership staff.

12.

Police officers who had made complaints about Espinoza were singled

out for policy violations and/or accused of multiple violations without being provided specificity.

13.

Bolden was charged with over a dozen individual policy violations broadly worded pre-determination Memorandum issued by Police Chief Grogan prior to Bolden's termination on March 23, 2022.

14.

A ranking Dunwoody policy officer had been involved in a single car accident in which he was charged with his second DUI and Bolden's involvement was to confirm the radio reports of the incident by obtaining a "mug shot" photo, available publicly on-line, of the officer following the police officer's arrest.

15.

Bolden was indefinitely suspended pending an investigation conducted by the Sandy Springs Police Department.

16.

Bolden gave truthful answers to the questions asked during the investigation.

17.

Chief Grogan met with Bolden prior to Bolden's termination and told Bolden he had an opportunity to respond to the policy violations he had been accused of to which Bolden stated he was innocent of the violations and asked Chief Grogan he couldn't respond further without knowing the specifics of what he was being accused of and that he was innocent of wrongdoing. Chief Grogan angered by that response stated he was not there to answer questions, and Bolden responded saying he been truthful and had cooperated with the investigation. Chief Grogan terminated the meeting and said a decision would be made and Bolden informed of the decision.

18.

Outside City Hall and the Police Department, a news broadcast was being conducted in the parking lot. Bolden was interviewed and the news broadcast was covered by local news channels.

19.

Bolden and others present, including former Dunwoody police officer, Austin Handle, spoke about the inaction within the Police Department and therefore Dunwoody concerning the numerous complaints of severe and

pervasive conduct of a sexual nature engaged in by Espinoza even to Chief Grogan's stated dismissal as to the seriousness of the conduct.

20.

Following the public broadcast of the news on local TV channels, Bolden was notified of his termination.

By the above acts Dunwoody has violated Title VII by discriminating against his based-on Bolden's conditions, and privileges of his employment.

21.

Bolden is now suffering and will continue to suffer irreparable injury and monetary damages because of Defendant's purposeful discriminatory practices unless this Court grants relief.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

    **a.** Declaring that the acts and practices complained of herein are in violation of Title VII and directing Defendant to take such affirmative steps as are necessary to ensure that the effects of

    these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

b. Directing Defendant to place Plaintiff in a position she would have occupied but for Defendant's discriminatory treatment and making him whole for all earnings he would have received but for Defendant's discriminatory acts, including, but not limited to wages, pension, bonuses, and other lost benefits;

c. Directing Defendant to pay Plaintiff compensatory damages for the injuries suffered because of Defendant's violations of Title VII;

d. Awarding Plaintiff, the costs of this action, together with reasonable attorneys' fees, as provided also by 42 U.S.C. §2000e-5(k); Title VII; and

e. granting such other and further relief as his Court deems necessary and proper.

This the 12th day of June 2024.

                                                  /s/*Howard R. Evans*
                                                    Howard R. Evans
                                                    Ga. Bar No. 292865

Howard R. Evans & Associates
1868 Independence Square, Suite D
Atlanta, GA 30338
(770) 377-9521
Email: attorney4hrlaw@gmail.com

US EEOC ATDO RECEIVED 2022-09-13

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 410-2022-09536 |

and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Brian W. Bolden | (404) 550-5995 | 1972 |

Street Address: 1836 Roswell Street, SE, Apt 11202, Smyrna, GA 30080

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| City of Dunwoody/Dunwoody Police Department | 200-500 | (678) 382-6900 |

Street Address: 4800 Ashford Dunwoody Road, Dunwoody, GA 30338

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 8/19/2020    Latest: 3/23/2022
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Charging Party, Brian Bolden, was employed by the Dunwoody Police Department as a Transport Officer from June 5, 2013, through the date of his termination, March 23, 2022. Prior to his termination, Officer Bolden made complaints against superior officer, Fidel Espinoza, alleging that Espinoza created a hostile work environment by creating favorable or unfavorable working conditions based on sex. Espinoza was treated favorably by DPD leadership despite Espinoza engaging in soliciting sexual favors, sending sexually explicit text messages, transmitting pictures of his penis to lower ranking officers, and taking pictures of undressed officers in private areas such as the rest room. Officer Bolden filed a Charge of Discrimination (410-2020-06109) with the Equal Employment Opportunity Commission on or about August 19, 2020 (pending). Officer Bolden associated with other officers who previously and jointly had reported Espinoza's on-going conduct before Officer Bolden filed his Charge. The DPD knowingly condoned Espinoza's actions as consensual and later under growing pressure allowed Espinoza to resign (involuntarily terminate) in May 2020 just as he had done from prior police departments. Officers who had made formal complaints against Espinoza were targeted with disciplinary action for minor violations up to and including termination. Officer Bolden, with the full knowledge of the City of Dunwoody and the leadership of the DPD, supported an organization which included former officers of the DPD who brought these critical issues to the public's attention through local and national media. After Officer Bolden's Charge of Discrimination was filed over a dozen policy violations were alleged by the DPD against Officer Bolden following a public release of the second DUI arrest of a then current ranking officer. Officer Bolden was indefinitely suspended. Officer Bolden took part in a local news broadcast in the parking lot of Dunwoody City Hall following a brief meeting with the Chief of Police during which Officer Bolden denied wrongdoing. Officer Bolden was later formally notified of his termination in a Memorandum from Billy Grogan, Chief of Police.

The actions set out above constitute reasonable grounds to believe Officer Bolden's protections under Title VII of the Civil Rights Act of 1964, as amended, were violated and he was retaliated against for his personal workplace complaints and association with similarly situated individuals protesting the hostile work environment based on sex. The stated reasons for Officer Bolden's termination follow close in time to his prior filing of a Charge of Discrimination and can be shown as pretext for retaliation

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 9/7/22
Charging Party Signature: [signature]

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EXB. A



U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

150 M Street, N.E.
Karen Ferguson, EMP, 4CON, Room 9.514
Washington, DC 20530

March 14, 2024

Mr. Brian W. Bolden
c/o Howard R. Evans, Esquire
Law Office of Howard R. Evans
1868-D Independence Square
Atlanta, GA  30338

Re: EEOC Charge Against City of Dunwoody, Dunwoody Police Dept., et al.
No. 410202209536

Dear Mr. Bolden:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Atlanta District Office, Atlanta, GA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by    /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Atlanta District Office, EEOC
City of Dunwoody, Dunwoody Police Dept., et al.

EXB B